**TRENK ISABEL SIDDIQI**
**  & SHAHDANIAN P.C.**
Richard D. Trenk, Esq.
Robert S. Roglieri, Esq.
290 W. Mt. Pleasant Ave., Suite 2370
Livingston, New Jersey 07039
Telephone:  (973) 533-1000
Email:  rtrenk@trenkisabel.law
Email:  rroglieri@trenkisabel.law

*Counsel to Donald V. Biase,*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: <br><br> DANIEL M. RISIS, <br><br> Debtor. | Chapter 7 <br><br> Case No. 23-11800 (JKS) <br><br> Hearing Date and Time: <br> August 17, 2023 at 10:00 a.m. |

**RESPONSE AND JOINDER TO MOTION (I) APPROVING AND AUTHORIZING PAYMENT OF FEES AND EXPENSES TO MS&B; (II) AUTHORIZING A MORTGAGE ON ANY AND ALL REAL PROPERTY IN WHICH THE DEBTOR HAS AN INTEREST AND A JUDGMENT LIEN ON ALL OF DEBTORS PERSONAL PROPERTY IN FAVOR OF TRUSTEE AND HIS PROFESSIONALS; (III) AUTHORIZING A SURCHARGE AGAINST EQUITABLE SHARE OF MALLARY RISIS IN PROCEEDS OF SALE OF 23 LINDEN AVENUE, WEST ORANGE, NEW JERSEY, AS A RESULT OF DAMAGE CAUSED TO SUCH PROPERTY THAT WAS UNDER M. RISIS CUSTODY AND CONTROL**

Trenk Isabel Siddiqi & Shahdanian P.C. (the "TISS Firm"), submits this joinder and response to the *Motion (I) Approving and Authorizing Payment of Fees and Expenses to MS&B; (II) Authorizing a Mortgage on Any and All Real Property in Which the Debtor Has an Interest and a Judgment Lien on All of Debtors Personal Property in Favor of Trustee and His Professionals; (III) Authorizing a Surcharge Against Equitable Share of Mallary Risis in Proceeds*

*of Sale of 23 Linden Avenue, West Orange, New Jersey, as a Result of Damage Caused to Such Property That Was Under M. Risis Custody and Control; and (IV) Granting Such Other and Further Relief as This Court Deems Just and Proper* [Docket No. 392] (the "Motion") filed McManimon, Scotland and Baumann, LLC (the "MSB Firm") and respectfully states and alleges as follows:

## STATEMENT OF FACTS

1. On March 6, 2023, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. [Docket No. 1].

2. The Trustee was appointed as the representative of the estate on the Petition Date.

**The West Orange Sale**

3. The Debtor and his wife, Mallary Risis ("M. Risis") were the owners of certain real property located at 23 Linden Avenue, West Orange, New Jersey, (the "West Orange Property").

4. The closing on the sale of the Debtor's Property West Orange Property to Tremell McKenzie ("West Orange Buyer") was consummated on July 6, 2023.

5. The sale price of the West Orange Property was $850,000. The Trustee received a $50,000 deposit from the West Orange Buyer. At closing, the first mortgage lien in favor of NewRez was satisfied by payment of $466,473.07. Real estate commissions of $42,500 were paid, as well as adjustments for real estate taxes, sewer charges, and customary closing costs.

6. Due to the fact that the Debtor and M. Risis had not fully removed their belongings from the West Orange Property, a $10,000 escrow was required to be held by the title company for use and occupancy charges to allow a closing of the sale. The net proceeds received by the Trustee from the sale of the West Orange Property (not including the deposit) was $280,394.40; with the deposit, the total amount is $330,394.40.

**The Newark Sale**

7. 221 Washington Street, Newark, New Jersey ("Newark Property"), was owned by Market Street Holdings, LLC ("Market Street"), a limited liability company owned by the Debtor pending at Case No. 22-16840 (JKS).

8. The closing on the sale of the Newark Property to The Lord Ventures, LLC ("Newark Buyer") was consummated on July 14, 2023.

9. The sale price of the Newark Property was $830,000. The Trustee received a $50,000 deposit from the Newark Buyer. At closing, real estate commissions of $41,500 were paid, as well as adjustments for real estate taxes, sewer charges, and customary closing costs. The net proceeds received by the Trustee from the sale of the Newark Property (not including the deposit) was $712,038.06. Pursuant to this Court's Order entered in Market Street's bankruptcy case, as amended, no distributions were made to any secured creditor and those amounts are being held in escrow by the Trustee.

**The TISS Firm Final Fee Application**

10. On August 3, 2023, the TISS Firm filed its First and Final Application for Compensation (the "TISS Fee Application"). [ECF 396]. The TISS Fee Application seeks approval of $247,797.50 in fees and $3,700.52 in expenses for a total of $251,498.02. Id.

11. The basis for the TISS Fee Application is set forth therein and the fees and expenses were reasonable and necessary in light of the Debtor's conduct throughout the case. Id.

12. The TISS Fee Application is returnable on September 7, 2023.

## **LEGAL ARGUMENT**

13. The TISS Firm hereby joins the Motion and incorporates and adopts the arguments made in the Motion, as if such arguments were fully set forth herein. The TISS Firm files this response to join and reinforce the Motion.

14. First, the TISS Firm supports the Trustee's request to surcharge Mallary Risis's interest in the West Orange Property for the costs of certain repairs and other damage done at the property during the chaotic move out caused by the Debtor. These amounts are set forth in the Motion. The TISS Firm, however, believes that Mallary Risis should be surcharged for additional costs and fees associated with the sale of the West Orange Property as the expenditure of such professional fees were a direct benefit to her, including: (i) 50% of the realtor's fee; and (ii) 50% of the attorneys' fees spent relating directly to the sale of the West Orange Property. The TISS Firm and the MSB Firm can provide amounts relating to the sale of the West Orange Property from the Motion and the TISS Fee Application.

15. Second, the TISS Firm agrees that the fees and expenses requested by the MSB Firm through the Motion were reasonable and necessary for the estate and that all amounts should be approved. The TISS Firm, however, believes that the portion of the Motion seeking approval of such fees should be heard simultaneously with the TISS Fee Application.

16. Finally, the TISS Firm agrees that the Court should impose a mortgage on all of the Debtor's properties and a judgment lien on all personal property for any shortfall to professionals from the sale proceeds of the West Orange Property and the Newark Property. The TISS Firm solely files this response to clarify that the TISS Firm must be included as one of the professionals receiving a mortgage on the listed properties. While the Motion states that it is requesting "a mortgage on the Mortgaged Properties and a judgment lien against any and all of the Debtor's

properties in favor of **the professionals**" [ECF 392-1 at 10 (emphasis added)], the accompanying order only specifies that the Trustee and the MSB Firm are receiving a mortgage [ECF 392-5 at ¶¶3-4]. To the extent that the Motion does not include the TISS Firm, the TISS Firm objects to such relief.

## CONCLUSION

**WHEREFORE**, the TISS Firm respectfully requests the Court: (i) surcharge Mallary Risis's interest in the West Orange Property for the amounts set forth herein; (ii) grant the TISS Firm a mortgage on the real properties listed in the Motion; and (iii) grant such relief as the Court deems just and equitable.

Dated: August 9, 2023

**TRENK ISABEL SIDDIQI
 & SHAHDANIAN P.C.**

*/s/ Richard D. Trenk*
Richard D. Trenk, Esq.
Robert S. Roglieri, Esq.
290 W. Mt. Pleasant Ave., Suite 2370
Livingston, New Jersey 07039
Telephone: (973) 533-1000
Email: rtrenk@trenkisabel.law
Email: rroglieri@trenkisabel.law

*Counsel to Donald V. Biase,
Chapter 7 Trustee*

5