| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Warren J. Martin Jr., Esq. (wjmartin@pbnlaw.com)<br>David E. Sklar, Esq. (desklar@pbnlaw.com)<br>*Counsel to Porzio, Bromberg & Newman, P.C.* |

| | |
|---|---|
| In Re:<br><br>Daniel M. Risis,<br><br>　　　　　　Debtor. | Case No.: 23-11800 (JKS)<br><br>Chapter: 7<br><br>Judge: Hon. John K. Sherwood<br><br>Hearing Date:　August 17, 2023 at 10:00 a.m. |

**OBJECTION OF SENIOR MORTGAGE LIENHOLDER, PORZIO, BROMBERG & NEWMAN, P.C., TO TRUSTEE'S NOTICE OF MOTION TO APPROVE AND AUTHORIZE PAYMENT OF FEES AND EXPENSES TO MCMANIMON, SCOTLAND, ET AL, AND FOR ADDITIONAL AND RELATED RELIEF (DOC. 392)**

Porzio, Bromberg & Newman, P.C. ("Porzio") as and for its objection to the Trustee Donald V. Biase's Motion to Approve and Authorize Payment of Fees to McManimon, Scotland, et al., and for Additional and Related Relief (Doc. 392), states as follows:

**SUMMARY OF OBJECTION/RELIEF REQUESTED**

1.　Porzio objects to any disbursement of funds from the $330,394.40 escrow currently held by the chapter 7 Trustee, Donald V. Biase unless and until the Trustee first: (i) pays or (ii) reserves the sum of $200,000 on account of Porzio's duly perfected senior mortgage lien. To be clear, Porzio would have no objection to disbursement of any and all remaining funds once the proper payment or reserve for Porzio's preexisting mortgage lien is made.

1

7434157

## STATEMENT OF FACTS

2. On September 28, 2021, Dalex Development, Inc., a single asset real estate corporation 100% owned by Mr. Risis, retained Porzio, Bromberg & Newman for the purpose of filing a chapter 11 bankruptcy proceeding.[1]

3. Since the debtor advised that it had no funds to pay for post-petition fees during the Chapter 11, Porzio agreed that it would file the chapter 11 and be retained as Chapter 11 bankruptcy counsel to Dalex only if it received "executed mortgages… to cover any and all fees and expenses awarded to [Porzio] by the bankruptcy court." Porzio's retainer agreement was executed by Dalex, but also by Daniel Risis, individually, and by his wife, Mallory Risis, individually, with legends located immediately above each of their signatures stating that each of these individuals was executing the retainer agreement "[i]ndividually, solely with respect to the terms and provisions herein pertaining to the two (2) mortgages." A copy of the retainer agreement is annexed to the Certification of Warren J. Martin Jr. (the "Martin Cert.") as **Exhibit "A."**

4. That same day, Daniel and Mallory Risis executed two mortgages including the mortgage on the West Orange property, the proceeds of which are the subject of the Trustee's current motion. That mortgage is in the face amount of $200,000, and was executed by the two individuals in order to pay "such professional fees, as may be allowed by the bankruptcy court, in the chapter 11 proceeding of Dalex Development Inc." Porzio's mortgage on the West Orange property in the face amount of $200,000 was thereupon duly recorded at the Essex County register of deeds and mortgages as instrument number 2021119192. A copy of the West Orange mortgage is annexed to the Martin Cert. as **Exhibit "B."**

---

[1] Notably, a foreclosure sale had been scheduled by the Essex County Sheriff against Dalex's property for 2:00 PM that afternoon. The Debtor had obtained its final adjournment of that sale and no other adjournments were possible. The bankruptcy filing successfully staved off the foreclosure and provided the Debtor with an opportunity to reorganize.

5. On November 8, 2021, the United States Trustee filed an objection to Porzio's retention in the Dalex matter. Because the mortgages were pledged by third parties, as consideration for work that would be performed for the Debtors, the United States Trustee expressed concern that Porzio might not be disinterested, and might hold an adverse interest to the estate, because of the mortgages. A copy of the US Trustee's objection to Porzio's retention in the Dalex matter is annexed to the Martin Cert. as **Exhibit "C."**

6. Following discussions with the United States Trustee, Porzio was asked to file a Supplemental Certification in support of its retention. Porzio did so, on January 5, 2022, and a copy of that Supplemental Certification is annexed to the Martin Cert. as **Exhibit "D."**

7. Upon Porzio's filing of the Supplemental Certification, the issues raised in the United States Trustee's Objection were resolved and the Objection was marked as withdrawn. The Court thereupon entered the order approving the Retention Application. Copies of the United States Trustee's Notice of the Withdrawal of its Objection, and of the Court's order approving Porzio's retention are annexed to the Martin Cert. as **Exhibits "E"** and **"F,"** respectively.

8. On June 3, 2022, Porzio filed its Combined First and Final Fee Application in the Dalex matter, seeking fees of $394,000 for 654 hours of attorney time. As revealed by Porzio's detailed time entries, Porzio worked tirelessly in furtherance of a reorganization of the Debtor, including presenting the Debtor with sources of refinancing, conducting all due diligence on a refinancing application with one of those sources, and when that refinancier chose not to proceed following review of the Debtor's principal's litigation history, pivoting to a boot strap plan. In furtherance of that Plan, Porzio attorneys visited with the Wayne Township Zoning Board, pulled all permits and violations, and worked diligently with Township officials towards getting the Dalex project restarted. Porzio also introduced two different construction contractors to the Dalex

project, one of whom decided not to engage with the Debtor, while the second one provided the estimates for completion of the Dalex project and creation of the timeline that was used to establish plan feasibility and to support the Debtor's Disclosure Statement. Porzio negotiated extensively with Mariner's Bank, obtained authority to use cash collateral, and was available at all times in furtherance of the case to address and renegotiate with the secured lender following the Debtor's numerous defaults. A copy of the Dalex Fee Application is annexed to the Martin Cert. as **Exhibit "G."**

9. The initial hearing to consider Confirmation of the Dalex Plan, as well as Porzio's Fee Application was held on June 22, 2022. A copy of the transcript of that hearing is annexed to the Martin Cert. as **Exhibit "H."** At pages 57-65 of the Transcript, Mr. Risis argued his objection to Porzio's Fee Application. At the conclusion of the argument, Porzio's fees were granted in the substantially reduced amount of $225,000 in fees, plus $4,678.25 in expenses, for a total allowance, expressly secured by the West Orange Property,[2] of $229,678.25.

10. This Court therefore entered the order approving Porzio's First and Final Application as counsel to Dalex for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period of September 28, 2021 through May 31, 2022 for fees in the amount of $225,000 and expenses in the amount of $4,678.05 for a total award of $229,678.05 (the "Order Granting Fees"). A true copy of the Order Granting Fees, as entered by the Court, is annexed to the Martin Cert. as **Exhibit "I"**.

11. On March 6, 2023, Daniel Risis, the mortagee, filed the instant Chapter 7 bankruptcy proceeding.

---

[2] And the Livingston property as well.

12. On May 24, 2023, Porzio timely filed its secured proof of claim in the amount of $229,678.05, attaching thereto all pertinent documents, including its mortgage on the West Orange property. A copy of the proof of claim is annexed to the Martin Cert. as **Exhibit "J"**.

13. As a result of all the foregoing, and each of the Exhibits annexed to the Certification of Warren J. Martin Jr., filed herewith, Porzio holds a duly perfected mortgage lien on the West Orange Property, and now the proceeds thereof in the Trustee's escrow, in the amount of $229,678.05.

## ARGUMENT

14. Under long settled New Jersey law, a mortgage conveys an interest in real property. *Cauco v. Galante*, 6 N.J. 128, 137 (N.J. 1951). Pursuant to United States Supreme Court precedent, bankruptcy courts must look to state law regarding property interests. *Butner v. U.S.*, 440 U.S. 48, 55 (1979). Thus, a bankruptcy court in a chapter 7 bankruptcy proceeding simply has no power to extinguish or reduce a mortgagee's interest in real property absent fraud.[3] And the West Orange mortgage, along with the Livingston mortgage, were given knowingly and voluntarily, were approved by this Court as part of Porzio's Dalex retention package, following an objection by the United States Trustee. Further, the amount of the mortgage, i.e., Porzio's fee award in the Dalex case, was also the subject of an objection by Mr. Risis, which was argued extensively (*see* Exhibit H to the Martin Cert., Transcript of hearing), and which objection was granted in part and denied in part at a contested hearing with this Court approving Porzio's fees in a reduced amount. No reason; no law; no logic has been presented as to why Porzio's mortgage

---

[3] Under United States Supreme Court precedent, a chapter 7 debtor is not permitted to strip off an undersecured mortgage lien under Section 506(d). *Bank of America, N.A. v. Caulkett*, 575 U.S. 790, 794 (2015). However, that is not even the case here as evidenced by the closing statement annexed to the Certification of Michele Dudas. Furthermore, the strong-arm powers of a trustee do not extend to allowing a trustee to defeat the priority of a properly perfected pre-petition mortgage interest in property. *Matter of Valairco, Inc.*, 9 B.R. 289, 292 (Bankr. D.N.J. 1981). There has been no dispute that Porzio's mortgage interest on the West Orange Property was validly perfected under New Jersey State Law prior to the Debtor's filing of the above captioned chapter 7 bankruptcy proceeding.

5

7434157

should not be fully respected and at the very least escrowed, if not paid. To do otherwise would be to ignore all notions of property rights under our jurisprudence.

15. Porzio holds a duly perfected Mortgage lien on the West Orange Property, and now on the Sale Proceeds thereof, as evidenced by the following, all of which are described in greater detail above:

(i) Porzio's retention agreement in Dalex provided for, among other things, a mortgage on the West Orange Property to cover "any and all fees and expenses awarded to Porzio by the Bankruptcy Court";

(ii) Porzio's mortgage on the West Orange Property was executed simultaneously with the Dalex retention agreement and duly recorded with the Essex County Register, and expressly provided that it was given to "cover legal fees incurred in the Chapter 11 proceeding of Dalex Development, Inc.";

(iii) Porzio's retention in the Dalex matter on these specific terms was approved by this Court, following an objection by the United States Trustee concerning the mortgage;

(iv) Over Mr. Risis objection, this Court awarded fees and expenses to Porzio in connection with the Dalex Chapter 11 in the amount of $229,678.05, and

(v) No legally cognizable reason has been presented as to why a duly recorded mortgage lien, given for adequate consideration and approved by this Court, essentially twice (once when the Porzio retention was approved and for a second time when this Court awarded Porzio its fees) should not be respected either by immediate payment, or at the very least by being escrowed for prior to distribution of any other funds from the closing of the sale.

**CONCLUSION**

Based on the foregoing, Porzio respectfully requests that there be no disbursement of funds from the $330,394.40 escrow currently held by the chapter 7 Trustee, Donald V. Biase unless and until the Trustee first: (i) pays, or (ii) reserves the sum of $200,000[4] on account of Porzio's duly perfected senior mortgage lien. Porzio has no objection to disbursement of any and all remaining funds once the proper payment or reserve for Porzio's preexisting mortgage lien is made.

Dated: August 14, 2023        **PORZIO, BROMBERG & NEWMAN, P.C.**
        *Counsel for Porzio, Bromberg & Newman, P.C.*

        By:    */s/ Warren J. Martin Jr.*
                Warren J. Martin Jr., Esq.
                David E. Sklar, Esq.

---

[4] Porzio reserves all Mortgage Rights in the Livingston property to collect the entire amount of $229,678.05, or, if is paid $200,000 here, to collect its remaining stub of $29,678.05.

7

7434157